## TENNYSON v. FLEENER ET AL.

[No. 6,902. Filed December 14, 1909.]

1. REFORMATION.—*Deeds.*—*Covenants.*—*Breach.*—In an action for damages for a breach of covenant, the defendant praying for, and securing a reformation of the deed whose covenants are declared upon, such breach must be considered as relating only to the deed as reformed. p. 51.

2. DAMAGES.—*Breach of Covenant.*—*Deeds.*—*Reformation.*—In an action for damages for a breach of covenant in a deed covering, by mistake, certain land not owned by the grantor, damages being given only for the value of such land so included by mistake, such damages cannot be sustained, where the court decreed a reformation of such deed so as not to cover such land. p. 51.

3. COVENANTS.—*Breach of.*—*Complaint.*—*Denial.*—*Reformation.*—An action for breach of covenant, answered by a general denial, may be wholly defeated by an affirmative pleading praying a reformation of the deed so as to exclude that part of the land about which the contest arose. p. 51.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by William Fleener and another against James F. Tennyson. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*Gough & Gough,* for appellant.

*S. B. Hatfield, F. H. Hatfield* and *W. S. Hatfield,* for appellees.

ROBY, J. — The court upon request made a special finding of facts and stated conclusions of law thereon. The facts found are, in substance, that the appellant who was defendant below, contracted to sell to appellees his farm, except six acres off the east end thereof, and that by mutual mistake of the parties the description contained in the deed executed in consummation of said contract included land not owned by appellant and not sold or intended to be sold to appellees. The land included in the boundaries set out in said deed and not owned by appellant or taken into possession by appellee was of the value of $450. Upon these facts the court stated two conclusions: (1) "That, by reason of the breach of the covenants contained in said deed,   *   *   *   the plaintiffs are entitled to damages in the sum of $450; (2) that by reason of the mutual mistake of the grantors and the grantees, and the mistake of the scrivener in the description inserted in said deed, the defendant is entitled to have the deed reformed to describe the following real estate [describing the land actually sold]." Upon these conclusions the court rendered judgment against appellant for $450, and in his favor for the reformation of said deed. The appellant excepted to the first conclusion of law and assigns error by the court in said conclusion. The second conclusion might logically have been first stated. The deed as reformed is the deed by reference to which the suit for breach of covenant must be determined.

The facts found show appellees to be without any basis for the recovery of damages.

It is ingenuously argued that the complaint having been answered by a general denial only, the issue thus made did not permit a reformation to defeat the claim for damages. Reformation was decreed upon an af-

firmative pleading filed in the case, and such reformation rendered it impossible for appellees to establish their case as against a general denial.

The judgment is reversed and the cause is remanded, with instructions to restate the first conclusion of law in accordance herewith.