## BLACK ET UX. *v.* SMITH ET AL.

### [No. 12,905. Filed December 16, 1927.]

1. JUDGMENT.—*Judgment binding on parties thereto as to all matters adjudicated therein.*—A judgment not appealed from is binding upon the parties thereto as to all matters adjudicated therein, and cannot be questioned in a subsequent action. p. 628.

2. REFORMATION OF INSTRUMENTS.—*Effect of decree reforming deed by excluding part of tract described therein.*—Where a deed to a lot was reformed so as to exclude twelve feet across one end, in a suit to which both the grantors and grantees were parties, the original deed was of no force and could not be the basis of an action against the grantors therein for breach of covenant. p. 628.

3. COVENANTS.—*Original deed, reformed in suit to which grantors and grantees were parties, not competent evidence in subsequent suit for breach of covenant.*—Where a warranty deed had been reformed so as to exclude twelve feet across one end of the tract described therein, in an action to which both the grantors and grantees were parties, the original deed was not competent evidence in suit subsequently brought by the grantees against the grantors for breach of covenant. p. 628.

4. DEEDS.—*Proposition to purchase and acceptance thereof are merged in deed and not competent evidence of terms of sale.*—Proposition to purchase a lot and the acceptance thereof by the owners, being preliminary negotiations as to the purchase and sale, are merged in the deed thereafter made, and not competent evidence as to the terms of sale. p. 628.

From Marion Circuit Court (36,751); *Theophilus J. Moll,* Special Judge.

Action by E. Erman Smith and wife against Oscar L. Black and wife. From a judgment for plaintiffs, the defendants appeal. *Reversed.* By the court in banc.

*Murat Hopkins,* for appellants.
*S. K. Ruick,* for appellees.

NICHOLS, J.—Action by appellees against appellants for damages for an alleged breach of the covenants in a warranty deed. The complaint was in two para-

graphs, to which appellants answered in two paragraphs, general denial and an affirmative paragraph. Reply in general denial to the second paragraph of answer. There was a trial by the court, which resulted in a general finding in favor of appellees that they were entitled to a judgment against appellants for $300. Judgment was rendered in favor of appellees against appellants for $300. Appellants assign that the court erred in overruling appellants' motion for a new trial, the reasons for which are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the court erred in admitting certain evidence; and (4) in the assessment of the amount of recovery, in that it is too large.

It is averred in the first paragraph of complaint that appellees are husband and wife, and that appellants are also husband and wife; that on September 23, 1922, appellants, by their deed of that date, duly executed and delivered, in consideration of $1,250 paid by appellees, sold and conveyed to appellees the following described real estate in said county and state, to wit:

"Lot number 5 in Black's Subdivision of lot number 114 in Hasselman Place, first section, in the City of Indianapolis, as per·plat thereof in the recorder's office of Marion county, Indiana"; that appellants, by said deed, covenanted with appellees that they would warrant and defend the said premises and the title thereof against the lawful claims of all persons whatsoever; that, at the time of the execution and delivery of said deed as aforesaid, appellants did not then have a good and sufficient title to said premises, but that one Maude E. Carlisle claimed to have a paramount title to and freehold interest in twelve feet by parallel lines off the entire south end of said real estate, and that, by virtue of such claimed interest, the said Maude E. Carlisle, on May 15, 1923, filed a cause of action in the Marion Supe-

rior Court, against appellees and others, to reform a deed and for injunction; that the court, in said cause, granted an injunction to said Maude E. Carlisle, restraining appellees from building or trespassing on said twelve feet of such real estate; that appellee had commenced the construction of a dwelling on said real estate and had been greatly hindered, delayed and damaged by reason thereof; all of which is contrary to said deed and covenant; that by reason of said action they were compelled to, and did, pay $200 for necessary costs and expenses in defending the said cause of action in which the said Maude E. Carlisle secured an injunction as aforesaid; that, by reason of the premises, appellees have been damaged in the sum of $3,000, for which they sue.

The second paragraph was substantially the same as the first but contained the additional averment that said lot was forty-two by fifty-six feet in size, as per the plat thereof; that, prior to the execution of said deed, appellants were the owners of record by entireties of said real estate, and appellees made a proposition in writing to buy the same, which was accepted in writing by appellant Oscar L. Black, husband of appellant Carrie H. Black, for and on behalf of both appellants; by the terms of which, appellants agreed that said lot was forty-two by fifty-six feet in quantity; that said deed contained covenants of general warranty by which appellants covenanted and warranted that the said lot number five was the same lot numbered five as laid out and platted by appellants and recorded, such lot being forty-two by fifty-six feet in dimension; that by reason of the injunction mentioned and set out, appellees have been deprived of the possession and use of twelve feet of said real estate by a parallel line off the entire south end thereof; that said lot is a short lot and the full length thereof is essential for the construction of

said dwelling thereon, and that, by reason of the premises, appellees have sustained damages in the sum of $3,000.

It is averred in the second paragraph of answer that on the ....... day of ............., 1918, appellants were the owners of lots two and five in Black's Subdivision, etc., and undertook to erect upon said lot certain improvements, consisting of a dwelling house, cement walks and a cistern, but, through inadvertence or mistake, such improvements were so erected that a portion of the dwelling house, together with the cement walk in the rear thereof and the cistern, extended over the north line of said lot two, and upon said lot five to the extent of a total encroachment of said lot five of twelve feet off of the south end thereof; that afterwards, and while appellants were still the owners of both of said lots, and believing that said improvements were all on said lot two, they sold said improvements and the lot or tract of land upon which the same were situate to one Clara M. Tatman, and on May 21, 1918, undertook to convey to her by warranty deed. That it was intended thereby to convey to said Tatman all of the lot or tract of land whereon said improvements were situate, but, by mutual mistake of the parties, induced by the belief that said dwelling house and appurtenances were wholly upon said lot numbered two, the property so conveyed was erroneously described in said deed as "lot two," and said conveyance, erroneously and by reason of said mutual mistake, failed to include the twelve feet of lot five by parallel lines off of the entire south end thereof upon which said improvements were situate. That afterwards, Tatman sold said property to one Maude E. Carlisle by the same erroneous description. That afterwards, appellants negotiated with appellees for the sale to them of that portion of said lot five not occupied by said improvements, rep-

resenting to appellees that the real estate intended to be conveyed to them did not include any portion of said improvements and grade in the rear thereof, but extended only to the north line of the fill and grade, and did not include any portion of said improvements, and, as a result of said negotiations, appellants sold and undertook to convey said lot or tract of land by warranty deed to the plaintiffs on September 20, 1922. That, by mutual mistake, induced by the belief of both parties that such improvements were wholly upon said lot two, the real estate so conveyed by appellants to appellees was erroneously described in the deed so executed to them as "lot five," when, in truth and in fact, the real estate so intended by both parties to be conveyed did not include all of said lot five and did not include twelve feet by parallel lines off of and across the entire south end of said lot five, and should have been described in said deed as "lot number five except twelve feet by parallel lines off of the entire south side thereof." But, when the said deed was made, both parties believed that the description therein as said lot five correctly described the lot or tract of land viewed, negotiated and sold. That, at the time of such sale and the execution of said deed, said improvements stood upon said lot two and said portion of lot five as monuments marking the north line of the real estate upon which they were situate, and were apparent and known to the parties at the time of the sale and the execution of the deed. Thereafter, and on or about May 15, 1923, said Carlisle commenced her action in the superior court of Marion county, against the said Tatman and her husband, and against appellees and appellants to reform all of the deeds made concerning said lots two and five and especially to reform the deed made by appellants to appellees. That thereafter, an agreed

statement of facts was made, entered into and signed by the plaintiffs in that cause, the defendants Tatmans, and appellees in this cause, wherein and whereby it was agreed and stated as a fact that appellants negotiated with appellees for the purchase by them of that portion of lot five not occupied by said improvements, and that appellants represented to appellees that the real estate intended to be conveyed to them did not include any portion of said improvements but extended only to the north line of the fill and grade thereon, and that, as a result of said negotiations, appellants sold and undertook to convey said real estate by warranty deed to appellees on September 23, 1922. And the said agreed statement of facts so made further states that, by mutual mistake, induced by their belief that the improvements erected by appellants on said lot two and a portion of said lot five were wholly upon said lot two, the real estate so conveyed to appellees was erroneously described in the deed as "lot five," when, in truth and in fact, the real estate so intended to be conveyed did not include all of said lot five and did not include twelve feet by parallel lines off of the south end of said lot, and that the real estate so intended to be conveyed by said deed should have been described therein as "lot number five except twelve feet by parallel lines off of the south side of said lot." That thereafter the said proceeding so commenced by said Carlisle came on for trial upon said agreed statement of facts, and the court rendered judgment therein, ordering and decreeing that the said deed made by appellants to appellees be reformed and corrected by striking therefrom said false and erroneous description and inserting in lieu thereof the true and correct description of the real estate intended to be conveyed by said deed as "lot number five except twelve feet by parallel lines off of the entire south side thereof." That said judgment, order and decree of said

court remains in full force and effect and is unappealed from, and appellants pray for judgment.

The facts averred in the second paragraph of answer are substantially the same as the averments of fact in the complaint filed by the plaintiff in the case of Carlisle versus the Tatmans and appellees and appellants, mentioned in said answer, which complaint was, along with the other pleadings and proceedings in said case, read in evidence at the trial of the instant case. The agreed statement of facts in the Carlisle case, which constituted all of the evidence upon which the judgment in that case was rendered reforming the deeds there involved, among which was the deed from appellants to appellees, was also read in evidence in the instant case. Such statement of facts is quite long, and we only mention some of the salient facts to which appellees agreed.

Appellants negotiated with appellees for the sale to them of that part of said lot five not then occupied by the dwelling house, service walk, cistern and grade, then and at that time representing to appellees that the real estate so offered for sale did not include any portion of the dwelling house, service walk, cistern and grade in the rear of the house, but extended only to the north line of the fill and grade, and that, as a result of such negotiations, appellants sold that portion of said lot five extending down to the grade and undertook to convey to appellees the same by warranty deed. The real estate so intended by both appellees and appellants to be conveyed did not include all of said lot five, and did not include the twelve feet by parallel lines off of and across the south end of said lot five. The real estate so intended to be conveyed by appellants to appellees should have been described as "Lot numbered five except twelve feet by parallel lines off of the entire south end thereof." When the said deed made by these appellants to appellees was so made and delivered, both

appellees and appellants believed that the description therein as "lot five" correctly described the lot or tract of land viewed, negotiated and so sold. By the mutual mistake of appellees and appellants, induced by their belief that the dwelling house and appurtenances thereunto belonging erected on lot two and a portion of lot five were wholly upon said lot two, the real estate so conveyed to appellees by appellants was erroneously described in the deed so executed to them as "lot five," when, in truth and in fact, the real estate so intended to be conveyed did not include all of said lot five, and did not include twelve feet by parallel lines off of the south end of said lot five.

Afterwards, in said proceedings, the cause came on for trial. On these facts so agreed upon by appellees and appellants, the court rendered judgment in said cause, in which both appellees and appellants were parties, that the said deed made by appellants to appellees be reformed and corrected by striking therefrom the erroneous description and inserting in lieu thereof the true and correct description of said real estate intended to be conveyed by said deed.

That judgment, unappealed from, still stands, and is binding upon the parties to said action, which includes appellees and appellants herein. The original

1-4. deed to appellees, having been reformed by the judgment of the Marion Superior Court, is without force, and the deed as reformed is the deed by reference to which the suit for the breach of covenant must be determined. As reformed, the deed affords no basis for a recovery by appellees in this action. *Tennyson* v. *Fleener* (1909), 45 Ind. App. 50, 90 N. E. 91. Such deed, being without force, was not competent evidence, and the court erred in permitting it to be read. Nor was the proposition to purchase by appellees, and the acceptance thereof by appellants, competent in evidence.

They were the preliminary negotiations and, as such, were merged in the deed. This being an action for breach of the covenants of a deed, the deed itself, as reformed, is controlling as to appellees' right of action.

The judgment is reversed, with instruction to grant a new trial.

Dausman, J., absent.